IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NERBASKA

| | |
|---|---|
| GLENDA SUE GARDNER, Individually and as Personal Representative of the Estate of JACOB GARDNER, and DAVID GARDNER,<br><br>Plaintiffs,<br><br>vs.<br><br>FREDERICK D. FRANKLIN, DONALD W. KLEINE, DOUGLAS COUNTY ATTORNEY'S OFFICE, DOGULAS COUNTY, NERBASKA, and DOES 1 & 2,<br><br>Defendants. | Case No. 4:21-CV-03145<br><br>**BRIEF IN SUPPORT OF MOTION TO DISMISS** |

## INTRODUCTION

This lawsuit arises out of the grand jury indictment of Jacob Gardner ("Gardner") after Gardner shot and killed James Scurlock in downtown Omaha. Rather than return to Omaha to face the charges, Gardner took his own life. Gardner's estate brings this action against the Douglas County Attorney's Office, Douglas County Attorney Don Kleine ("Kleine"), special prosecutor Frederick Franklin ("Franklin"), and "Does 1 and 2" ("Doe Defendants"), alleging constitutional torts and a state law wrongful death claim. Gardner's Complaint, however, does not state a claim upon which relief may be granted, and the Court lacks subject matter jurisdiction over the action. Franklin and the Doe Defendants therefore submit this Brief in support of their Motion to Dismiss the Complaint with prejudice.

1

## BACKGROUND

The allegations in the Complaint are briefly summarized as follows. On May 30, 2020 Gardner shot and killed James Scurlock in Omaha, Nebraska. (Filing 1 at 2). The following week, special prosecutor Frederick Franklin was appointed to investigate the killing and convene a grand jury. (*Id.* at 8). Gardner was later indicted by the grand jury on four felony counts, including manslaughter, use of a deadly weapon, terroristic threats, and attempted assault.

Gardner's lawsuit arises out of a September 15, 2020 press conference announcing the indictments. As alleged in the Complaint, Franklin allegedly made "untrue" statements during the press conference regarding Gardner's criminal intent on the evening of the shooting. (*Id.* at 9). Other defendants allegedly knew of Franklin's "intent to make false and misleading statements," but "willfully or negligently" failed to intervene. (*Id.*).

Gardner committed suicide five days later. (*Id.* at 11). As a result, no criminal charges were pursued, and Gardner's case was never tried to a jury. Despite this, Gardner's estate now sues Franklin (and others) in Franklin's individual and official capacities for allegedly depriving Gardner of his constitutional right to a fair trial. (*Id.* at 13-16). The Gardner estate seeks money damages for these alleged violations under the Sixth and Fourteenth Amendments of the United States Constitution. (*Id.*).

The Gardner estate also asserts claims against Franklin and two unnamed defendants for wrongful death and failure to intervene. (*Id.* at 18-21). These claims

2

are premised on similar allegations of "misconduct" — i.e., that Franklin allegedly made "untrue" statements to the media which other defendants did not prevent, resulting in Gardner's suicide. (*Id*. at 19). For these claims, the Gardner estate seeks compensatory damages under "the Federal Tort Claims Act." (*Id*.).

Gardner's mother, Glenda Gardner, purports to bring this action "individually" and as personal representative of Gardner's estate. (Filing 1, pp. 1 and 4). Gardner's father, David Gardner, has also joined in the action as a plaintiff.[1] (*Id*.). The plaintiffs will be referred to collectively herein as "the Plaintiffs" or "the Gardner estate."

## STANDARD OF REVIEW

1. **FED. R. CIV. P. 12(B)(1)**

The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). Where, as here, the moving party presents a "facial attack" to subject matter jurisdiction, the Court must determine whether the plaintiffs have sufficiently alleged a basis for subject matter jurisdiction. *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018). The Court accepts all factual allegations in the Complaint as true and views them in the light most favorable to the non-moving party. *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015).

---

[1] David and Glenda Gardner are not proper parties in their individual capacities and should be dismissed for lack of standing.

3

## 2. FED. R. CIV. P. 12(B)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012). While the Court must accept as true all facts pleaded by the non-moving party, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## ARGUMENT

The Gardner estate alleges several theories of liability against Franklin and the Doe Defendants in their individual and official capacities. These claims generally fall into one of three categories: (1) federal constitutional claims under 42 U.S.C. §§ 1983 and 1985; (2) federal constitutional claims under *Bivens v Six Unknown Named Agents of Federal Bureau of Narcotics*; and (3) state law wrongful death and failure to intervene claims. As discussed more fully below, the Gardner estate has not stated a viable claim under state or federal law, and the Complaint should therefore be dismissed under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

1. **Federal Constitutional Claims - §§ 1983 and 1985**

Plaintiffs' first, second and third causes of action pertain to alleged constitutional violations brought under 42 U.S.C. §§ 1983 and 1985. Each of these claims should be dismissed because: (a) the Court lacks subject matter jurisdiction over the Plaintiffs' Sixth and Fourteenth Amendment claims, and the Plaintiffs have otherwise failed to state a viable claim; and (b) without an underlying constitutional tort, the Plaintiffs' civil conspiracy claim fails as a matter of law. For these reasons, the Plaintiffs' federal constitutional claims should be dismissed.

   a. **Sixth & Fourteenth Amendment - 42 U.S.C. § 1983.**

The Plaintiffs sue Franklin in his individual and official capacities for alleged due process and fair trial violations under the Sixth and Fourteenth Amendments. (Filing 1 at 13-16) (Causes of Action II and III). Specifically, the Plaintiffs allege that Franklin deprived Gardner of his constitutional rights by participating in a press conference in which Franklin allegedly made "false statements." (Filing 1 at 11). According to the Plaintiffs, Franklin's alleged statements violated Gardner's constitutional rights by "tainting" a jury that was never impaneled, and compromising the integrity of a trial that never occurred. (*Id.* at 9-11).

Counts II and III of the Plaintiffs' Complaint for alleged violations of the Sixth and Fourteenth Amendments should be dismissed for lack of subject matter jurisdiction or, in the alternative, failure to state a claim. It is black-letter law that fair trial claims are not justiciable until the underlying criminal trial has concluded. *Kaylor v. Fields*, 661 F.2d 1177, 1181 (8th Cir. 1981). Because Gardner killed

himself after the indictment was announced, there was no criminal trial, and the Plaintiffs' Sixth and Fourteenth Amendment claims fail. The moving defendants' Motion to Dismiss on these grounds should be granted.

The Eighth Circuit Court of Appeals addressed this issue in *Kaylor v. Fields*. There, a criminal suspect sued a prosecuting attorney under the Sixth and Fourteenth Amendments for "disseminating accusations to the press in an attempt to deprive [the suspect] of [his] right to an impartial jury panel[.]" *Id*. at 1181. At the time the lawsuit was filed, however, the plaintiff had not yet been formally charged with a crime, and there was no criminal trial pending. *Id*. Accordingly, the district court dismissed the plaintiff's lawsuit for failure to state a claim.

The Eighth Circuit affirmed the dismissal, but on different grounds. The appellate court dismissed the claims for jurisdictional reasons, as opposed to pleading deficiencies, because they were not ripe for review. In reaching this conclusion, the Eighth Circuit held:

> The right to be tried by an impartial jury, by its very nature, can only be afforded or denied in the context of a criminal trial. [The plaintiff], to our knowledge, has not been charged with any crime, **and until he is subjected to a criminal trial, we can only speculate as to whether his Sixth Amendment right is being denied.** If he is charged, of course, he has ample means, including voir dire and a motion for change of venue, by which to vindicate this right in the state courts.

*Id*. at 1181 (emphasis added); *see also Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994) (dismissing fair trial claim as "unripe" because the underlying proceedings were still pending).

6

The same jurisdictional deficiencies exist here. Even accepting the Plaintiffs' allegations as true, there is no justiciable case or controversy because the Plaintiffs' constitutional allegations are entirely hypothetical and speculative. For example, a jury in this <u>civil</u> case could not possibly determine the hypothetical effect of an alleged press conference on a <u>criminal</u> jury pool that was never selected, for a trial that may—or may not—have occurred.

Further, Gardner had "ample means, including voir dire and a motion for change of venue," by which to vindicate his rights in the state court. *Kaylor*, 661 F.2d at 1181; *see Mu'Min v. Virginia*, 500 U.S. 415, 431, 111 S. Ct. 1899, 1908 (1991) (voir dire enables the court and counsel to select an impartial jury, "particularly with respect to pretrial publicity."). Because Gardner did not avail himself of these rights, a juror in this civil case could only speculate as to the possible effect, if any, of Franklin's alleged statements on Gardner's Sixth and Fourteenth Amendment rights to a fair trial in the criminal matter that was never even pursued.

The purpose of the ripeness doctrine is to prevent federal courts from entangling themselves in abstract disagreements. *Wersal v. Sexton*, 674 F.3d 1010, 1018 (8th Cir. 2012). This constitutional limitation is particularly important where, as here, the parties' dispute centers entirely on the resolution of "speculative or indeterminate factual issues," or where it rests upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.*; *Parrish v. Dayton*, 761 F.3d 873, 875 (8th Cir. 2014).

Here, the trier of fact simply cannot assess on the facts and circumstances alleged whether, or if, Gardner's constitutional rights might have been implicated if a criminal jury trial had occurred in the future. The jury in this civil matter would be unable to evaluate whether a jury trial ever would have even taken place, and if so, whether any alleged prejudice arose from the statements, how those issues would have been handled in voir dire, what instructions the court would have given the jury, or how the judicial system otherwise would have ensured a fair criminal trial. For these reasons, the Plaintiffs' Sixth and Fourteenth Amendment claims against Franklin in his official and individual capacities should be dismissed because they are not ripe, and therefore not justiciable.

For many of the same reasons, the Plaintiffs have also failed to state a claim upon which relief may be granted. Because of Gardner's suicide, the Plaintiffs are unable to plead the factual prerequisites for the constitutional claims alleged—*i.e.*, the existence of a criminal trial and resulting prejudice. Indeed, because of Gardner's death, a trial can never occur, and therefore no prejudice can ever result to Gardner's right to a fair trial. As the Eighth Circuit explained in *Kaylor*, "[t]he right to be tried by an impartial jury, by its very nature, can only be afforded or denied in the context of a criminal trial." *Kaylor*, 661 F.2d at 1181. Accordingly, in addition to the absence of subject matter jurisdiction, the Plaintiffs have failed to

state a claim upon which relief may be granted. The Plaintiffs' Sixth and Fourteenth Amendment claims under 42 U.S.C. § 1983 should be dismissed.[2]

### b. Civil Conspiracy - 42 U.S.C. § 1985

The Plaintiffs have also alleged a civil conspiracy under § 1985 between Franklin and Kleine. (Filing 1 at 13) (Cause of Action I). Specifically, the Plaintiffs allege that Franklin and Kleine "were aware of and discussed Defendant Franklin's statements to be made to the press," which "cause[d] Mr. Gardner to be deprived of his Sixth and Fourteenth Amendment rights." (*Id.*).

The Plaintiffs' conspiracy claim against Franklin in his individual and official capacities fails for at least three separate and independent reasons. First, a claim for civil conspiracy under § 1985 is sustainable "only after an underlying tort has been established." *Hanten v. Sch. Dist.*, 183 F.3d 799, 809 (8th Cir. 1999) (quoting *K & S P'ship v. Cont'l Bank, N.A.*, 952 F.2d 971, 980 (8th Cir. 1991)). Because the Plaintiffs have not stated a viable constitutional tort under any of the various theories alleged, the civil conspiracy claim also fails as a matter of law.

Second, a civil conspiracy under § 1985(3) requires allegations and evidence of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Harrison v. Springdale Water & Sewer Com.*, 780 F.2d 1422, 1424 (8th Cir. 1986). In other words, the conspiracy "must aim at a deprivation of the equal enjoyment of rights secured by the law to all." *Id*. Here, the underlying complaint is devoid of *any* allegations regarding racial or class-based

---

[2] As to the Plaintiffs' official capacity claims, Franklin joins, and hereby incorporates, the Douglas County Defendants' arguments regarding the Plaintiffs' failure to state a viable *Monell* claim. *See* Filing 13 at 20-25.

9

animus against Gardner. For this reason alone, the Plaintiffs have failed to state a claim upon which relief may be granted.

Finally, any alleged conspiracy claim between Franklin and Kleine in their individual or official capacities is barred by the intra-corporate conspiracy doctrine. Under that doctrine, "there is no unlawful conspiracy when officers within a single corporate entity consult among themselves and then adopt a policy for the entity." *Burbridge v. City of St. Louis*, No. 20-1029, 2021 U.S. App. LEXIS 18953, at *16 (8th Cir. June 25, 2021). The doctrine stems from basic agency principles that attribute the acts of a corporation's employees to the corporation itself, so that all their acts are treated as the acts of a single legal entity. "Because the acts of corporate employees are treated as the acts of a single legal entity (the corporation), such corporate employees are a single actor and thus cannot constitute the plurality of persons required for a conspiracy." *Id*.

Thus, even if the Complaint had adequately alleged *facts* (as opposed to mere legal conclusions) about an agreement between Kleine and Franklin — which it did not — any such claim would be barred by the intra-corporate conspiracy doctrine and would fail as a matter of law. The Plaintiffs' first cause of action for an alleged conspiracy under § 1985 should therefore be dismissed.

### 2. <u>Federal Constitutional Claims under *Bivens*.</u>

The Plaintiffs' fourth cause of action alleges *Brady* violations under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971). (Filing 1 at 17).

10

As an initial matter, both *Bivens* and the Federal Tort Claims Act apply to federal actors, not state or municipal prosecutors. *Hartje v. FTC* , 106 F.3d 1406, 1408 (8th Cir. 1997). Accordingly, the Plaintiffs' *Brady* claim fails because there no allegation of misconduct by a federal agent. Indeed, the Plaintiffs acknowledge repeatedly in the Complaint that Kleine and Franklin acted on behalf of Douglas County, not the federal government.

Even if the Plaintiffs had alleged *federal* misconduct, the *Brady* claim would still fail as a matter of law. As the U.S. Supreme Court has made clear, *Brady* is a trial right that is viable only upon a showing that "the suppressed evidence would have produced a different verdict." *Strickler v. Greene*, 527 U.S. 263, 281, 119 S. Ct. 1936, 1948 (1999). Gardner never went to trial and was never convicted, and therefore *Brady* does not apply.[3] *See Medrano Cambara v. Schlote* , No. 8:14-CV-260, 2015 U.S. Dist. LEXIS 133916, at *19 (D. Neb. Sep. 30, 2015) (Plaintiff's Fourteenth Amendment right to exculpatory evidence "is violated only if that individual is convicted."). There is no merit to the Plaintiffs' fourth cause of action, and the Court should dismiss it as a matter of law.

### 3. State Law Wrongful Death Claim.

In their fifth cause of action, the Plaintiffs allege wrongful death by all named defendants, including Franklin and the Doe Defendants. This claim fails because (1) the Court lacks subject matter jurisdiction; and (2) without an underlying state law tort or wrongful act, there can be no conspiracy.

---

[3] And even if *Brady* did apply, which it does not, there is not a single allegation in the Complaint as to what materials were allegedly withheld, or how disclosure was required at the grand jury stage of the proceeding. *See generally* Filing 1.

### a. No subject matter jurisdiction.

When a governmental employee is sued for conduct allegedly performed in the course and scope of her employment, the claim must be pursued in the employee's official capacity only. *Kruger v. Nebraska*, 90 F. Supp. 3d 874, 881 (D. Neb. 2015) (*citing Young v. Douglas Cty.*, No. 8:07CV265, 2009 U.S. Dist. LEXIS 73360, at *15 (D. Neb. Aug. 19, 2009)). Stated another way, the lawsuit is against the governmental official's employer, not the employee herself. *See Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016). In pursuing these claims, the moving party must comply with the statutory requirements set forth in the Political Subdivision Tort Claims Act (PSTCA), Neb. Rev. Stat. § 13-901 *et seq*. *See* B*ohl v. Buffalo Cty.*, 251 Neb. 492, 499, 557 N.W.2d 668, 673 (1997).

The allegations of misconduct alleged in the Plaintiffs' Complaint all pertain to alleged actions performed in the course and scope of the defendants' relationship as an appointed investigative agent of Douglas County. Accordingly, the Plaintiffs' state law wrongful death claim against Franklin and the unnamed officers must be pursued in the defendants' official capacities only. As such, the PSTCA controls.

The PSTCA provides a limited waiver of a political subdivision's sovereign immunity with respect to certain, but not all, types of tort actions. *Britton v. City of Crawford*, 282 Neb. 374, 380, 803 N.W.2d 508, 514 (2011). Relevant here, § 13-910(7) of the PSTCA maintains immunity for "[a]ny claim **arising out of** assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."

Stated another way, a party cannot sue a political subdivision for a claim arising out of an intentional tort. *See Moser v. State*, 307 Neb. 18, 24, 948 N.W.2d 194, 199 (2020) (term "arising out of" in § 13-910(7) is construed broadly).

The Plaintiffs' wrongful death claim "arises out of" an allegedly intentional tort, and it is therefore barred by the PSTCA. The Plaintiffs expressly allege that Franklin and the Doe Defendants made or facilitated "wrongful and reckless statements to the media" which were "the foreseeable proximate cause" of Gardner's death. (Filing 1 at 18). Accepting this allegation as true, the Plaintiffs have sued Franklin and the unnamed officers for slander or defamation, which is an intentional tort. *Bojanski v. Foley*, 18 Neb. App. 929, 939-40, 798 N.W.2d 134, 144 (2011) ("It is clear that the State has not waived its sovereign immunity with respect to claims against its officers and employees who, while acting in the scope of their duties, are alleged to have committed libel, [or] slander[.]").

Accordingly, the Plaintiffs' fifth cause of action should be dismissed with prejudice for lack of subject matter jurisdiction.

**b. No viable claim.**

The Plaintiffs have also failed to state a viable wrongful death claim upon which relief may be granted. Wrongful death claims are derivative in nature, and must be premised on an underlying tort. *Day v. United States*, 865 F.3d 1082, 1088 (8th Cir. 2017). Here, accepting the Plaintiffs' allegations as true, the underlying tort is defamation or slander—that is, the Plaintiffs claim that the allegedly defamatory press conference resulted in Gardner's suicide.

13

But claims for defamation or slander do not outlive the allegedly defamed individual. *See* Neb. Rev. Stat. § 25-1402; *Trackwell v. Cty. of Lancaster*, No. A-19-1001, 2020 Neb. App. LEXIS 293, at *10 (Ct. App. Oct. 6, 2020). Thus, the Gardner estate cannot pursue a wrongful death action premised on alleged defamation or slander because those claims abated at the time of Gardner's suicide. *See e.g.*, *Smith v. Flinkfelt*, No. 13-01-GFVT, 2013 U.S. Dist. LEXIS 140517, at *23 (E.D. Ky. Sep. 30, 2013) (dismissing defamation claim asserted by decedent's estate); *see also Memphis Dev. Found. v. Factors Etc., Inc.*, 616 F.2d 956, 959 (6th Cir. 1980) ("There is no right of action for defamation after death.").

Moreover, the Plaintiffs do not plead, and cannot ever plead, that they complied with the requirements of the PSTCA because they failed to file a tort claim with the Douglas County clerk within one year of the alleged wrongful act. *See* Neb. Rev. Stat. §§ 13-905 & 13-919. As such, the Plaintiffs are unable to state a viable claim under Nebraska state law, and the Plaintiffs' fifth cause of action should be dismissed with prejudice for failure to state a claim and for lack of subject matter jurisdiction. The motion to dismiss should be granted.

### 4. **Failure to Intervene – 42 U.S.C. § 1986**

Plaintiffs' sixth cause of action is against the Doe Defendants. (Filing 1 at 19). The Plaintiffs allege in conclusory fashion that the Doe Defendants "partook in the conspiracy to deprive Jake Gardner [of] his rights as a United States citizen of the Sixth and Fourteenth Amendment through the statements to the press on

14

September 15, 2020." (*Id.* at 20). The Plaintiffs pursue this claim under 42 U.S.C. § 1986, which pertains to the duty to prevent the deprivation of civil rights.

### a. No viable claim.

The Plaintiffs' sixth cause of action fails because § 1986 does not provide an independent cause of action. *Liscomb v. Boyce*, 954 F.3d 1151, 1155 (8th Cir. 2020). Rather, section 1986 applies if, and only if, "a conspiracy exists under one of § 1985's other subsections." *Id*. Stated another way, in order to maintain a § 1986 action, the Plaintiffs "would have to prove that the defendants had actual knowledge of a § 1985 conspiracy." *Brandon v. Lotter* , 157 F.3d 537, 539 (8th Cir. 1998).

Because the Plaintiffs have failed to state a viable conspiracy claim under § 1985, their § 1986 claim necessarily fails as a matter of law. As set forth above, the conspiracy claim fails because (1) the Plaintiffs have not stated a claim under the Sixth or Fourteenth Amendments, and (2) they have not alleged any race or class based discrimination. As a result, the Plaintiffs cannot plead or prove that the Doe Defendants "had actual knowledge of a § 1985 conspiracy," which is required on the facts and circumstances alleged. *Brandon*, 157 F.3d at 539. In the absence of any viable conspiracy claim, the Plaintiffs' § 1986 claims should be dismissed.

### b. No legal duty.

Even if the Court construed the Plaintiffs' sixth cause of action under state law, as opposed to federal statutes, the Plaintiffs cannot establish a legal duty owed by the Doe Defendants to intervene in the September 15, 2020 press conference.

To recover in a negligence action, "a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages." *Ehlers v. State*, 276 Neb. 605, 609, 756 N.W.2d 152, 155 (2008). Nebraska courts have defined duty as "an obligation, to which the law gives recognition and effect, to conform to a particular standard of conduct toward another." *A.W. v. Lancaster Cty. Sch. Dist. 0001*, 280 Neb. 205, 212, 784 N.W.2d 907, 914 (2010). While the Court in *A.W. v. Lancaster* determined that foreseeability is question of fact, the existence of a duty toward another remains a question of law.

In *Bell v. Grow With Me Childcare & Preschool LLC*, the Nebraska Supreme Court analyzed whether a childcare center that formerly employed a child-giver owed a duty to a child that the former employee abused while serving as a nanny for several years later. The *Bell* court stated:

> [T]he **first step** is to determine whether the actor's affirmative conduct created a risk of physical harm such that the general duty to exercise reasonable care under § 7 [of the Restatement (Third)] is applicable. If no such affirmative conduct exists, then the **next step** is to determine whether any special relationship exists that would impose a recognized affirmative duty on the actor with regard to the risks arising within the scope of that relationship.

*Bell v. Grow With Me Childcare & Preschool Ltd. Liab. Co.*, 299 Neb. 136, 154, 907 N.W.2d 705, 718 (2018). (emphasis added). The *Bell* court determined that the "failure to rescue or protect another from harm is not conduct creating a risk of harm under § 7 and does not give rise to a duty of care under that section…the conduct creating the risk **must be some affirmative act**, even though the claimed breach can be a failure to act." *Id.* at 155 (emphasis added). "When the only role of

the actor is failing to intervene to protect others from risks created by third persons, the actor's nonfeasance cannot be said to have created the risk." *Id.* (emphasis added).

In this case, the Complaint does not allege that the Doe Defendants took any affirmative action to implicate the existence of a duty. Construing Plaintiffs' allegations most favorably, the Doe Defendants' alleged breach was failing to advise or prevent Defendant Franklin from making "wrongful statements to the press." As discussed *supra*, the non-intervention of the Doe Defendants to protect Gardner from alleged risks created by others must only be categorized as "nonfeasance" and "cannot be said to have created the risk." *Id.* Therefore, the Doe Defendants did not engage in any affirmative action that would give rise to a duty of care to Gardner.

While the Doe Defendants certainly did not take any affirmative act to create a duty, it is also clear that they did not have a special relationship with Defendant Franklin or Defendant Kleine which would create a duty owed to Gardner under Nebraska law. In *Bell*, the court explained that individuals in a special relationship with others owe a duty of reasonable care to third parties concerning risks created by the other within the scope of the relationship. *See id.* at 156 (examining Section 41 of the Restatement (Third) of Torts). However, the duty of reasonable care concerning special relationships "are ones in which the actor has some degree of control over the other person." *Id.* at 157. The *Bell* court found that the childcare center had no control over its former employee once she left the company and thus,

had no special relationship with her nor any "affirmative duty to prevent" the former employee from causing physical harm to a child. *Id*. at 158.

Here, the Doe Defendants did not have the right or ability to control or prevent the September 15, 2020, press conference or any statements made within. The Doe Defendants were subordinates to Defendant Franklin. As in *Bell*, they did not exercise any control over what Defendant Franklin would or could say at the press conference. Nor did they have an affirmative duty to intervene or prevent the press conference from taking place at all. For these reasons, Plaintiffs' Sixth Cause of Action fails to state a claim upon which relief may be granted and should be dismissed.

## **CONCLUSION**

For the reasons stated above, the plaintiffs' Complaint should be dismissed in its entirety. The Plaintiffs' constitutional claims are not ripe for review and, even if they were, fail as a matter of law. Further, the Plaintiffs' state law claims are barred by the intentional torts exception to the PSTCA, and are not viable on the facts and circumstances alleged. Finally, in the absence of underlying constitutional tort, the Plaintiffs' federal statutory claims under §§ 1985 and 1986 must be dismissed. Accordingly, the Court should grant the Motion to Dismiss filed by Franklin and the Doe Defendants.

                                        Respectfully submitted,
                                        FREDERICK D. FRANKLIN and DOES 1 AND 2, Defendants

<pre>
                    BY:  /s/Patrick S. Cooper
                         Patrick S. Cooper, #22399
                         Daniel J. Gutman, #26039
                         Steven R. Hogan, #26045
                         FRASER STRYKER PC LLO
                         500 Energy Plaza
                         409 South 17th Street
                         Omaha, Nebraska 68102-2663
                         (402) 341-6000
                         pcooper@fraserstryker.com
                         dgutman@fraserstryker.com
                         shogan@fraserstryker.com
                         ATTORNEYS FOR DEFENDANTS
                         FREDERICK D. FRANKLIN AND
                         DOES 1 AND 2
</pre>

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the word limit set forth in NECIVR 7.1(d)(1)(A) because it contains 4,922 words. The undersigned further certifies that the word-count function of Microsoft Word was applied to include all text, including the caption, headings, footnotes, and quotations.

/s/ Patrick S. Cooper

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2021, I electronically filed the foregoing Motion to Dismiss with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record, including:

| | |
|---|---|
| John M. Pierce | Timothy K. Dolan |
| Pierce Bainbridge Law Firm | Meghan M. Bothe |
| 355 Grand Street, 44th Floor | Jimmie L. Pinkham III |
| Los Angeles, CA 90071 | 909 Civic Center |
| | Omaha, NE 68183 |

/s/ Patrick S. Cooper