IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NERBASKA

| | |
|---|---|
| GLENDA SUE GARDNER, Individually and as Personal Representative of the Estate of JACOB GARDNER, and DAVID GARDNER,<br><br>Plaintiffs,<br><br>vs.<br><br>FREDERICK D. FRANKLIN, DONALD W. KLEINE, DOUGLAS COUNTY ATTORNEY'S OFFICE, DOGULAS COUNTY, NERBASKA, and DOES 1 & 2,<br><br>Defendants. | Case No. 4:21-CV-03145<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS** |

## ARGUMENT

This lawsuit presents abstract disagreements about judicial proceedings that never occurred. The Plaintiffs insist in their Complaint and responsive briefing that Jake Gardner's trial rights were violated *even though* Gardner never stepped foot in a Douglas County courtroom. The complaint makes vague references to alleged *Brady* violations *even though* Gardner was never tried or convicted of a crime. And the Plaintiffs seek money damages under state law negligence principles despite their failure to comply with jurisdictional or statutory prerequisites to suit.

For the reasons discussed in the moving defendants' opening brief and below and in the County Defendants' briefs (which are incorporated herein by reference), the Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim. A jury in this civil case cannot possibly determine the

hypothetical effect of an alleged press conference on a criminal jury pool that was never selected, for a trial that may or may not ever have occurred. Accordingly, the moving defendants' motion to dismiss should be granted, and Frederick Franklin and the Doe Defendants should be dismissed as party-defendants.

### A. Fair Trial Allegations.

Fair trial claims under the Sixth and Fourteenth Amendments are not cognizable under 42 U.S.C. § 1983 until the aggrieved party has been "subjected to a criminal trial." *Kaylor v. Fields*, 661 F.2d 1177, 1181 (8th Cir. 1981). Until the criminal trial has occurred, and a verdict rendered, it is impossible to determine the effect of an alleged constitutional violation on the outcome of the criminal proceedings. This principle is consistent with constitutional limitations on subject matter jurisdiction, which prevent federal courts from "entangling themselves in contingent future events that may not occur as anticipated, or indeed may not occur at all." *Wersal v. Sexton*, 674 F.3d 1010, 1018 (8th Cir. 2012).

In their response brief, the Plaintiffs appear to argue that *Kaylor* is inapplicable because Franklin acted "recklessly" in allegedly speaking to members of the media. (Filing 23 at 11). But even accepting this conclusory legal conclusion as true, it has no relevance to this Court's jurisdictional analysis. No court has exercised subject matter jurisdiction where it does not otherwise exist based solely on the alleged intentions of a prosecuting attorney. The Plaintiffs' arguments are without merit.

In any event, criminal defendants have other procedural mechanisms to avail themselves of their constitutional right to a fair trial. These procedural mechanisms include, but are not limited to, change of venue motions and *voir dire. Kaylor*, 661 F.2d at 1181. Because Gardner did not avail himself of these rights, a juror in this civil case could only speculate as to the possible effect, if any, of Franklin's alleged statements on Gardner's Sixth and Fourteenth Amendment rights to a fair trial. The Plaintiffs' Sixth and Fourteenth Amendment claims should be dismissed.

Relatedly, the Plaintiffs urge the Court to deny Franklin's motion to dismiss the fourth cause of action for alleged *Brady* violations. The plaintiffs argue that the claim should proceed to discovery because "we can only imagine the implications and the prejudicial effect on the trial because of the possible bias on the jury." (Filing 23 at 20). While it is unclear how this argument pertains to *Brady* at all, it overlooks and ignores a required prerequisite to suit—a criminal conviction. *Livers v. Schenck*, 700 F.3d 340, 359 (8th Cir. 2012) ("there was no *Brady* violation because Livers and Sampson were not convicted."). Because Gardner was not convicted of a crime, his *Brady* claim fails as a matter of law. The Plaintiffs have not, and cannot, state a viable constitutional tort on the facts and circumstances alleged.

### B. Conspiracy & Failure to Intervene.

As discussed in Franklin's opening brief, the Plaintiffs' § 1985 conspiracy claim should also be dismissed because (1) there is no underlying constitutional tort, (2) the Plaintiffs have not alleged racial animus, and (3) the claim is barred by the intra-corporate conspiracy doctrine. The Plaintiffs, in their response brief, only

respond to the second grounds for dismissal (and barely so). According to the Plaintiffs, they have satisfied this pleading requirement because Franklin "made statements to picture Gardner as a racist and killer." (Filing 23 at 18).

Racial animus exists under § 1985 when members of an alleged conspiracy "deprive the petitioner of the equal enjoyment of legal rights because of [his] race." *Griffin v. Breckenridge*, 403 U.S. 88, 103, 91 S. Ct. 1790, 1799 (1971). In other words, there must be a direct connection between the object of the conspiracy and the race of its victim. As the Eighth Circuit has explained, "in order to show a deprivation of equal protection or equal privileges and immunities which may be redressed under 42 U.S.C. § 1985(3), it must be shown that the conspirators were motivated by an invidiously discriminatory animus toward a racial group or perhaps another type of class." *Means v. Wilson,* 522 F.2d 833, 839 (8th Cir. 1975).

The Court cannot infer racial animus on the facts and circumstances alleged. Indeed, there is not a single allegation in the Complaint that the alleged conspirators were "motivated by an invidiously discriminatory animus." *Id*. In the absence of these allegations, and for the additional reasons set forth in Franklin's opening brief, the Plaintiffs have failed to state a claim under § 1985.

And because the Plaintiffs' § 1985 claim fails, so too does their failure to intervene claim under § 1986. Although not addressed in the Plaintiffs' response brief, the Eighth Circuit holds that § 1986 applies if, and only if, "a conspiracy exists under one of § 1985's other subsections." *Liscomb v. Boyce*, 954 F.3d 1151, 1155 (8th Cir. 2020). The Plaintiffs have not stated a viable conspiracy claim under

§ 1985, so their failure to intervene claim necessarily fails as a matter of law. The Plaintiffs' conspiracy and failure to intervene claims should be dismissed.

   C.   **State Law Wrongful Death.**

The Plaintiffs ignore most of the arguments raised by the moving defendants regarding the legal insufficiency of their wrongful death claim. For example, the Plaintiffs say nothing in their response brief regarding their failure to comply with the Political Subdivision Tort Claims Act (PSTCA). Nor do they discuss Nebraska's abatement statutes, which foreclose the wrongful death claim as a matter of law. *See* Neb. Rev. Stat. § 25-1402.

Rather, the Plaintiffs focus exclusively on the intentional torts exception to the PSTCA. They argue that the wrongful death claim is premised on negligent misrepresentations, not intentional ones, so the intentional torts exception does not apply. (*See* Filing 23 at 22-25). This argument is at odds with the remainder of the Plaintiffs' briefing, where they characterize all of Franklin's alleged actions as "reckless" and "calculated." (*See* filing 23 at 9) ("[Franklin] *knew* the impact of those statements and what they would create in the public eye[.]) (emphasis original).

But more to the point, the intentional torts exception *does* apply for all of the reasons set forth in Douglas County's reply brief, and incorporated herein. (Filing 16 at 8-9). The Plaintiffs expressly allege that Franklin and the Doe Defendants made or facilitated "wrongful and reckless statements to the media" which were "the foreseeable proximate cause" of Gardner's death. (Filing 1 at 1). Accepting this allegation as true, the Plaintiffs have sued Franklin and the Doe defendants for

claims such as slander or defamation, which are intentional torts. *Bojanski v. Foley*, 18 Neb. App. 929, 939-40, 798 N.W.2d 134, 144 (2011). Accordingly, the Court lacks subject matter jurisdiction over the Plaintiffs' wrongful death claim.

**D.     Standing.**

The Plaintiffs also fail to address the moving defendants' argument that David Gardner lacks standing to pursue claims in this action. Mr. Gardner is not the personal representative of Jacob Gardner's estate and therefore cannot prosecute any of the claims set forth in the Complaint. Any claims purportedly asserted by David Gardner should be dismissed for this additional reason.

## CONCLUSION

For the reasons stated above, the Plaintiffs' Complaint should be dismissed in its entirety. The Plaintiffs' constitutional claims are not ripe for review and, even if they were, fail as a matter of law. Further, the Plaintiffs' state law claims are barred by the intentional torts exception to the PSTCA and are not viable on the facts and circumstances alleged. Finally, in the absence of an underlying constitutional tort, the Plaintiffs' federal statutory claims under §§ 1985 and 1986 must be dismissed. Accordingly, the Court should grant the Motion to Dismiss filed by Franklin and the Doe Defendants.

                                          Respectfully submitted,

                                          FREDERICK D. FRANKLIN and DOES 1 AND 2, Defendants

        BY:  /s/Patrick S. Cooper
              Patrick S. Cooper, #22399
              Daniel J. Gutman, #26039
              Steven R. Hogan, #26045
              FRASER STRYKER PC LLO
              500 Energy Plaza
              409 South 17th Street
              Omaha, Nebraska 68102-2663
              (402) 341-6000
              pcooper@fraserstryker.com
              dgutman@fraserstryker.com
              shogan@fraserstryker.com
              ATTORNEYS FOR DEFENDANTS
              FREDERICK D. FRANKLIN AND
              DOES 1 AND 2

## **CERTIFICATE OF COMPLIANCE**

      The undersigned certifies that this brief complies with the word limit set forth in NECIVR 7.1(d)(1)(A) because it contains 1,595 words. The undersigned further certifies that the word-count function of Microsoft Word was applied to include all text, including the caption, headings, footnotes, and quotations.

                                              /s/ Patrick S. Cooper